UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

SHEPARD WATSON,                       §
                                      §
          Plaintiff,                  §
VS.                                   §          CIVIL ACTION NO. G-11-351
                                      §
J WARD, *et al*,                      §
                                      §
          Defendants.                 §

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff Shepard Watson (TDCJ # 610587), is a state inmate incarcerated at the Duncan Unit and proceeds *pro se* and *in forma pauperis*. He filed this civil rights complaint pursuant to 42 U.S.C. §1983 against Defendants J. Ward and C. Frayer. The particularity with which Watson has pleaded his claims makes it unnecessary, in this Court's opinion, to afford him the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having considered Watson's complaint, the Court will dismiss the complaint for the following reasons.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or

malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2).  *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A plaintiff proceeding pursuant to § 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law.  *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).  In this case, Watson complains that his lower bunk restriction was wrongly removed by the defendants in November 2007. He seeks compensatory damages.

Irrespective of the fact that the numerous grievances submitted by Watson in 2008 were returned stating that medical examinations and x-rays did not confirm that Watson needed a lower bunk restriction, a court should dismiss a suit when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993).   Because there is no federal statute of limitations for § 1983 actions, federal courts borrow the forum state's general limitations period, *Owens v. Okure*, 488 U.S. 235 (1989), which, for personal injury in Texas, is two years.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *see also Burrell v. Newsome*, 883 F.2d 416, 418-19 (5th Cir. 1989).   The Court must then determine when the cause of action accrued, and in so doing, federal courts apply federal law.  *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993).   The federal standard governing § 1983 actions provides that a cause of action accrues when a person knows or has reason to know of the injury which is the basis of the action. *Id*.  A plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim.  *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Watson's personal injury claim clearly arose in November 2007, when his lower bunk restriction was removed, and at the latest in 2008, when his grievances were continually denied. Watson did not file the instant federal complaint until February 18, 2011.  His claims are therefore time-barred by over one year.

Based on the foregoing, the Court **ORDERS** that this case is **DISMISSED** with prejudice as time-barred.

Any and all pending motions are **DENIED** as moot.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 5th day of October, 2011.

Kenneth M. Hoyt
United States District Judge